**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **J & M DEVELOPMENT OF CASS COUNTY, INC.,** | ) ) ) | Case No. 04-41065-11-JWV |
| | ) | |
| **Debtor.** | ) ) | |

**UNITED STATES TRUSTEE'S OBJECTION
TO APPLICATION TO EMPLOY ATTORNEY**

Pursuant to 28 U.S.C. §586 and 11 U.S.C. § 327(a), the United States Trustee respectfully objects to Debtor's application to employ Charles E. Weedman, Jr. of Crouch, Spangler & Douglas as counsel for Debtor. In support of the objection, the United States Trustee respectfully alleges as follows:

1.  On February 26, 2004, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.  This is a single asset case. Debtor is a Missouri corporation that owns a 30.5 acre parcel of real property in Cass County, Missouri.

3.  Since filing Chapter 11, Debtor has continued its business and conducted its operations as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.  On March 24, 2004, Debtor filed an application seeking to employ Charles E. Weedman as counsel for Debtor.

5.  At the request of the United States Trustee, Debtor filed an amended application to employ Mr. Weedman on April 6, 2004.

6.  Janie Lindstrom Bogar is the principal and sole shareholder of the Debtor.

7.  The amended application, and the affidavit accompanying the application, disclose that Mr. Weedman's fees are being paid by Debtor's principal, Ms. Bogar.

8.  The amended application and affidavit further disclose that Mr. Weedman recently represented Ms. Bogar's husband, Michael Bogar and his corporation, Bogar Farms, Inc., in the state court action styled, <u>Bank of Belton v. Bogar Farms, Inc. et al.</u>, Case No. CV100-635CC, in the Circuit Court of Cass County. The Debtor and Ms. Bogar were joined as a defendants in this litigation and were represented by Lynn Ballew.

9.  Michael Bogar is the principal and sole shareholder of Bogar Farms, Inc., a corporation that is now defunct, according to the amended application. The indebtedness to the Bank of Belton ("the Bank") arose out of a crop loan to Bogar Farms, Inc.

10. The Circuit Court of Cass County entered a judgment in favor of the Bank against Mr. Bogar, Bogar Farms, Inc., and the Debtor. The court found that Mr. Bogar dominated and controlled the Debtor. Accordingly, the court concluded that it was proper to pierce the corporate veil and render the assets of the Debtor subject to levy and execution for the indebtedness of Michael Bogar and Bogar Farms., Inc.[1]

11. Thereafter, the Bank executed upon a bank account held by the Debtor.

---

[1] This judgment is on appeal to the Missouri Court of Appeals. It is the understanding of the United States Trustee that Mr. Bogar and the Debtor adamantly object to the notion that the Debtor is controlled by, or the alter ego of, Mr. Bogar.

      According to Ms. Bogar's testimony at the § 341 meeting of creditors, this execution gave raise to a claim by Debtor against Bogar Farms, Inc., in the amount $51,000.  See Schedule B.

12. Section 327(a) of the Bankruptcy Code sets forth a two-part test to determine whether an attorney may act as counsel for debtor.  Under this test, an attorney may not serve as counsel for debtor if:   (a) counsel holds any interest materially adverse to the estate, or (b) counsel fails to satisfy the "disinterestedness" requirement as the term is defined in § 101(14).  11 U.S.C. §§ 327(a), 101(14).

13. Based on the information provided in the schedules and in the amended application to employ, it appears that Mr. Weedman has an actual conflict of interest that disqualifies him from employment by the Debtor in this case.  See In re Missouri Mining, Inc., 186 B.R. 946 (Bankr. W.D. Mo.  1995); see also Electro-Wire Products, Inc. v. Sirote & Permutt (In re Prince), 40 F.3d 356, 359-61 (11th Cir.  1994) (holding that representation of the non-debtor spouse is "undeniably an interest adverse to the Debtor's estate.").

14. Pending the appeal of the Bank's judgment, both Mr. Bogar and the Debtor are held accountable for the Bank's debt.  As in Electro-Wire Products, Inc., Mr. Weedman occupies the "unfortunate position of having to serve too many masters."  Id. at 361.

15. Because Mr. Weedman cannot represent the Debtor free of all conflicts, he is not disinterested and thus should be disqualified from employment under § 327(a) in this case.

WHEREFORE, the United States Trustee respectfully requests the Court's order denying the Amended Application for Order Approving Employment of Attorney, and for such further relief as may be just and proper.

Date:   April 14, 2004

                                      Respectfully submitted,

                                      CHARLES E. RENDLEN, III
                                      UNITED STATES TRUSTEE

                                      PAULA C. ACCONCIA
                                      ASSISTANT UNITED STATES TRUSTEE

BY:     ***/s/ Sherri L. Wattenbarger***
            Sherri L. Wattenbarger,   KS #16401
            Trial Attorney
            Office of the U. S. Trustee
            400 E. 9th Street, Suite 3440
            Kansas City, MO  64106
            Telephone:     (816) 512-1940
            Telecopier:     (816) 512-1967

## CERTIFICATE OF MAILING

I hereby certify that a copy of the United States Trustee's Objection to Application to Employ Attorney was served upon all parties receiving electronic notification and upon the following parties by electronic notification or first-class mail, postage prepaid, this 14th day of April 2004:

Charles E. Weedman, Jr.
Crouch, Spangler & Douglas
117 S. Lexington
P.O. Box 280
Harrisonville, MO 64701

                                      By: ***/s/ Sherri L. Wattenbarger***
                                          Sherri L. Wattenbarger