UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| J&M DEVELOPMENT OF CASS COUNTY, INC. ) | Case No. 04-41065-11-JWV |
| ) | |
| Debtor ) | |

**BANK OF BELTON'S OBJECTION TO DEBTOR'S AMENDED APPLICATION
FOR AN ORDER APPROVING EMPLOYMENT OF ATTORNEY**

Bank of Belton, for its Objection to Debtor's Amended Application for an Order Approving Employment of Attorney (the "Application"), states as follows:

1. Bank of Belton joins in the United States Trustee's Objection to the Application.

2. In March 1999, Debtor posted two lots of Martin Acres (the "Lots"), without consideration, as collateral for a loan that Bank of Belton made to Michael Bogar and Bogar Farms, Inc. ("Bogar Farms").

3. When Michael Bogar and Bogar Farms defaulted on their loans to Bank of Belton, Bank of Belton attached the proceeds of the sale of the Lots to recoup some of the money owed it by Michael Bogar and Bogar Farms.

4. This action by Bank of Belton, which occurred in 2000, forms the basis for the $51,000 debt that Debtor schedules as being owed to it by Michael Bogar and Bogar Farms (the "$51,000 Debt").[1] Debtor has a fiduciary obligation to its creditors, including Bank of Belton, to pursue the $51,000 Debt. The fact that "collecting any money or assets from Bogar Farms, Inc. is nil," as stated by Debtor in paragraph 4, is completely irrelevant and akin to the "fox guarding the henhouse." Further, the fact that Debtor does not believe that Mr. Weedman represents an interest adverse to the estate is likewise irrelevant for an analysis under 11 U.S.C. § 327(a).

---

[1] Bank of Belton believes that the $51,000 figure is incorrect, but for purposes of its Objection, it will use Debtor's figure.

WA 745379.1

5. In August 2001, instead of repaying the $51,000 Debt, Michael Bogar and Bogar Farms assigned to Mr. Weedman $10,000 in U.S.D.A. payments that Micheal Bogar Farms received from a federal farm subsidy program. While Bank of Belton does not dispute the validity of the $10,000 owed by Bogar Farms to Mr. Weedman, or the fact that a business may direct the order in which its debts get paid, this is another example of how Mr. Weedman is conflicted in representing Michael Bogar, Bogar Farms and Debtor.

6. While Michael Bogar and Bogar Farms owe Debtor the $51,000 Debt, Debtor in return owes Michael Bogar and Bogar Farms for assets they transferred in Debtor's favor and/or debts they paid for which Debtor is liable as follows:

    a. making a $24,000 down payment on Debtor's purchase of 60 acres of land at 211th and Y highway (the "60 Acres");

    b. making 14 payments of $1,350 each on the loan used by Debtor to purchase the 60 Acres; and

    c. transferring Michael and Janie Bogars' personal residence and 10 acres of land to Debtor in March 2000, without consideration.

7. In addition to applying the proceeds of the Lots to the debts of Bogar Farms and Michael Bogar, Debtor transferred assets or paid the liabilities of Michael and Janie Bogar and Bogar Farms as follows:

    a. making two mortgage payments to Bank of America for the Bogars' personal residence;

    b. transferring the Bogars' personal residence and ten acres of land back to Michael and Janie Bogar without receiving any consideration;

WA 745379.1

   c. posting its real estate as collateral for a second loan to Michael Bogar and Bogar Farms without any consideration; and

   d. allowing Michael Bogar and Bogar Farms to farm land owned by Debtor without paying rent until after the Bank of Belton filed suit against Michael Bogar and Bogar Farms.  Again, Debtor has a fiduciary obligation to its creditors to pursue recovery of all amounts due to it by any creditor, including Michael Bogar and Bogar Farms.

  8. The judgment indebtedness of Michael Bogar and Bogar Farms of $258,723.18 to the Bank of Belton has not yet been satisfied.

  9. Mr. Weedman continues to represent Mr. Bogar and Bogar Farms in disputes arising from the Bank of Belton's effort to obtain satisfaction on this judgment indebtedness.

  10. Bank of Belton expressly reserves its right to raise any further objections to the Application at the hearing on the Application.

  WHEREFORE, Bank of Belton objects to the Application for the reasons stated above.

Date:  April 26, 2004

        Respectfully Submitted,

        SPENCER FANE BRITT & BROWNE LLP

        /s/ Lisa A. Epps
        Lisa A. Epps    MO #48544
        1000 Walnut Street, Suite 1400
        Kansas City, MO  64106
        (816) 474-8100
        (816) 474-3216– Fax

        ATTORNEYS FOR BANK OF BELTON

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2004, a true and correct copy of the above and foregoing was sent electronically to all parties receiving electronic notice and via first class mail to all parties not receiving electronic notice.

      /s/ Lisa A. Epps
      Attorneys for Bank of Belton