UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| **J&M DEVELOPMENT OF CASS COUNTY, INC.** ) | Case No. 04-41065-11-JWV |
| ) | |
| **Debtor** ) | |

### BANK OF BELTON'S MOTION TO TERMINATE OR MODIFY 11 U.S.C. § 362 AUTOMATIC STAY

Bank of Belton, pursuant to 11 U.S.C. § 362(d) (the "Code"), Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 4.001, hereby requests that the Court enter an order terminating or modifying the Code § 362 automatic stay to allow Bank of Belton to enforce any rights and remedies it may have under applicable non-bankruptcy law against debtor J&M Development of Cass County, Inc. ("Debtor") pertaining to real property that is secured by a judgment lien as described below.  In support of this Motion, Bank of Belton states as follows:

1. Debtor filed its voluntary Petition for Relief under Chapter 11 of the Code, Code §§ 101 - 1146 on February 26, 2004 (the "Petition Date").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G) and Code § 362.

3. According to Debtor's schedules and statement of financial affairs, Debtor's sole asset, save two accounts receivable and one contingent claim in unknown or disputed amounts, is certain real property located in Cass County, Missouri (the "Real Property").

4. From previous pleadings and hearings, the Court is well aware of the history between Bank of Belton, Debtor, Michael Bogar and Bogar Farms, Inc., so Bank of Belton will not go into great detail here.

WA 760480.1

5. On November 27, 2002, Bank of Belton obtained a Final Judgment against Michael Bogar and Bogar Farms, Inc. (the "Bogar Judgment") in the amount of $258,723.18, plus statutory interest (the "Judgment Amount"), in the Circuit Court of Cass County, Missouri (the "State Court"), Case No. CV100-635CC (the "State Court Case"). A copy of the Bogar Judgment is attached as **Exhibit A** and incorporated by reference. To date, the Judgment Amount has not been paid.

6. On August 13, 2003, Bank of Belton obtained a Final Judgment against J&M Development and Janie Bogar in the State Court Case (the "J&M Judgment"). The J&M Judgment, a copy of which is attached as **Exhibit B** and incorporated by referenced, authorized Bank of Belton to levy and execute on Debtor's assets, including the Real Property, up to the Judgment Amount.

7. Debtor and Janie Bogar have appealed the J&M Judgment (the "Appeal"), but did not post a supersedeas bond pending Appeal.

8. Bank of Belton's judgment lien on the Real Property appears on the ownership and encumbrance certificates dated as of August 14, 2003, copies of which are attached as **Exhibit C** and incorporated by reference.

9. On or about October 16, 2003, Bank of Belton filed its Request for Order for Execution, Garnishment or Sequestration related to the Real Property, a copy of which is attached as **Exhibit D** and incorporated by reference.

10. On October 21, 2003, Dwight E. Diehl, Sheriff of Cass County, Missouri (the "Sheriff"), file his Notice of Levy on Real Estate related to the Real Property, a copy of which is attached as **Exhibit E** and incorporated by reference.

11. On January 28, 2004, the Sheriff filed his Notice of Sheriff's Sale, a copy of which is attached as **Exhibit F** and incorporated by reference, scheduling the sale of the Real Property for March 2, 2004 (the "Sale").

12. Debtor filed the captioned bankruptcy to stop the Sale.

13. Code § 101(51B) defines "single asset real estate" as

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto having aggregate, noncontingent, liquidated secured debts in an amount no more than $4,000,000.

The Real Property is "single asset real estate" within the meaning of Code § 101(51B).

14. Code § 362(d)(3) governs stay relief in "single asset real estate" cases:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay– (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period)– (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time. . . .

15. "The purpose of section 362(d)(3) is to address perceived abuses in single asset real estate cases, in which debtors have attempted to delay mortgage foreclosures even where there is little chance that they can reorganize successfully." LAWRENCE P. KING, 3 COLLIER ON BANKRUPTCY ¶ 362.07[5][b] at 103  (15th ed. rev.).

16. Pursuant to Code § 362(d)(3), cause exists for the Court to terminate or modify the Code § 362 automatic stay because the captioned case is a "single asset real estate case," Bank of Belton's claim against Debtor is secured by a judgment lien against the Real Property; and 90 days have passed since the Petition Date, and Debtor has neither filed a plan of

3

reorganization that has a reasonable possibility of being confirmed within a reasonable time nor filed a request for extension in time within which to file a plan.  Bank of Belton asserts that Debtor will never be able to propose a confirmable plan of reorganization in the captioned case.

17. Immediately upon the Court's entry of an Order terminating or modifying the Code § 362 automatic stay, Bank of Belton may proceed to foreclose on the Real Property and enforce any and all other rights and remedies under applicable non-bankruptcy law against the Real Property.

18. Bank of Belton further requests that the Court waive the 10-day stay provisions of Rule 4001(a)(3) and enter an Order that is effective immediately.

WHEREFORE, Bank of Belton requests that the Court enter an Order granting this Motion; terminating or modifying the automatic stay imposed by Code § 362, effective immediately, so that Bank of Belton foreclose on the Real Property and enforce any and all other rights and remedies under applicable non-bankruptcy law against the Real Property; and granting such other and further relief as the Court deems just and proper.

Date:  May 27, 2004

Respectfully Submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Lisa A. Epps
Lisa A. Epps                    MO #48544
1000 Walnut Street, Suite 1400
Kansas City, MO  64106
(816) 474-8100
(816) 474-3216– Fax

ATTORNEYS FOR BANK OF BELTON

WA 760480.1

# **CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2004, a true and correct copy of the above and foregoing was sent electronically to all parties receiving electronic notice and via first class mail to all parties not receiving electronic notice and to the following:

J&M Development of Cass County, Inc.
6007 East 211th Street
Belton, MO  64012

Lynn K. Ballew, Esq.
P.O. Box 368
Harrisonville, MO  64701

      /s/ Lisa A. Epps
      Attorneys for Bank of Belton

WA 760480.1