IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Kansas City

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| J&M DEVELOPMENT OF CASS COUNTY, INC. | ) | Case No. 04-41065-11-JWV |
| | ) | Chapter 11 |
| Debtor. | ) | |

**MOTION FOR ORDER VACATING ORDER
GRANTING BANK OF BELTON'S MOTION TO TERMINATE OR MODIFY 11 U.S.C.
§ 362 AUTOMATIC STAY**

**COMES NOW** J&M Development of Cass County, Inc. ("Debtor"), by and through its new attorney, Jim Wirken, and the law firm of The Wirken Law Group, P.C., and in support of its Motion for Order Vacating Order Bank of Belton's Motion To Terminate or Modify 11 U.S.C. § 362 states as follows:

1. On June 18, 2004 this Court entered an Order Granting Bank of Belton's Motion to Terminate or Modify 11 U.S.C. § 362 Automatic Stay.

2. On May 19, 2004 this Court entered an order, disqualifying Debtor's counsel in this proceeding.

3. On June 2, 2004 an electronic filing was made setting Hearing for Relief from Stay.

4. That Debtor is not able to receive electronic notices.

5. That Debtor was served the Notice and Order Setting Hearing on Motion for Relief from Stay on or about June 4, 2004 by regular mail.

6. That Charles Curry, in consultation with Erlene Krigel, has been consulted, and after considerable review of the matter, notified Debtor late last week, that they would not be able to accept the engagement to represent Debtor.

7. That since the above attorneys declined the engagement, Debtor made a diligent effort to engage successor counsel, to file an Objection to the Bank of Belton's Motion to Lift the Automatic Stay.

8. That Debtor did not have an adequate amount of time to engage successor counsel to file an Objection to the Bank of Belton's Motion to Lift the Automatic Stay by the deadline of June 17, 2004.

9. That on June 22, 2004 Debtor engaged new successor counsel, to enter appearance and prepare and file the plan.

10. That lifting the automatic stay, at this time, and permitting the Bank of Belton to proceed against the corporation's only asset with an execution sale on a judgment, which judgment is not yet final, threatens irreparable harm to the corporation, its other creditors, and to Janie Lindstrom-Bogar, as the sole shareholder.

11. That all briefs, including Appellant's Reply Brief have been filed in the appeal now pending in the Missouri Court of Appeals, Western District.

12. That if the Court denies the request of Bank of Belton for the lift of the automatic stay, and grants J&M an additional 30 days work with new counsel to file a plan, no significant injury will be caused to any creditor of J&M, or to the Bank of Belton, since the asset which would be sold at execution is an undeveloped 30 acre parcel of land.

**WHEREFORE**, based on the above and foregoing, Debtor requests that this Court enter an Order Vacating the Order Granting Bank of Belton's Motion to Terminate or Modify 11 U.S.C. § 362 Automatic as entered herein.

Respectfully Submitted,

The Wirken Law Group, P.C.

  /s/ James C. Wirken
James C. Wirken                    MO# 21734
4740 Grand Boulevard, Suite 200
Kansas City, MO 64112
Telephone (816) 471-0330
Facsimile (816) 471-3044
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on this 24th day of June 2004, true and correct copies of the above and foregoing, was sent electronically to all parties receiving electronic notice and was sent via first class mail to all parties not receiving electronic notice.

/s/ James C. Wirken
Attorney for Debtor