UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| J&M DEVELOPMENT OF CASS COUNTY, INC. ) | Case No. 04-41065-11-JWV |
| ) | |
| **Debtor** ) | |

**BANK OF BELTON'S OBJECTION TO MOTION FOR ORDER VACATING ORDER GRANTING BANK OF BELTON'S MOTION TO TERMINATE OR <u>MODIFY 11 U.S.C. § 362 AUTOMATIC STAY</u>**

Bank of Belton, for its Objection to Motion for Order Vacating Order Granting (the "Motion to Vacate") Bank of Belton's Motion to Terminate or Modify 11 U.S.C. § 362 Automatic Stay (the "Stay Relief Motion"), states as follows:

1. Debtor filed its voluntary Petition for Relief under Chapter 11 of the Code, Code §§ 101 - 1146 on February 26, 2004 (the "Petition Date").

2. According to Debtor's schedules and statement of financial affairs, Debtor's sole asset, save two accounts receivable and one contingent claim in unknown or disputed amounts, is certain real property located in Cass County, Missouri (the "Real Property"). This is not disputed in the Motion to Vacate.

3. Bank of Belton's judgment lien on the Real Property appears on the ownership and encumbrance certificates dated as of August 14, 2003. This is not disputed in the Motion to Vacate.

4. On May 19, 2004, the Court entered its Order Denying Amended Application to Employ Charles E. Weedman, Jr., as Attorney (the "Order").

5. On May 26, 2004, seven days after entry of the Order, Debtor's deadline to comply with Code § 362(d)(3) expired (the "Deadline"), as more fully described below.

6. On May 27, 2004, eight days after entry of the Order, Bank of Belton filed the Stay Relief Motion, which, per the certificate of service, was served electronically on Mr. Weedman and via first class mail on Debtor and Lynn Ballew, a professional employed by Debtor in this case.

7. On June 2, 2004, 14 days after entry of the Order, the Court entered the Notice and Order Setting Hearing on the Stay Relief Motion, which, as admitted by Debtor, was received by Debtor on or about June 4, 2004. Further, Mr. Weedman received a copy of the Notice and Order Setting Hearing on the Stay Relief Motion electronically. The deadline to object or otherwise respond to the Stay Relief Motion was June 17, 2004 (the "Objection Deadline").

8. As Debtor did not object or otherwise respond to the Stay Relief Motion, on June 18, 2004, the Court entered the Order granting the Stay Relief Motion (the "Stay Order").

9. It is completely disingenuous for Debtor to assert that it "did not have an adequate amount of time to engage successor counsel to file an Objection" to the Stay Relief Motion. As an initial point, and as the Court made clear at the hearing on Mr. Weedman's amended employment application, Debtor needed to engage counsel because as a corporation, it cannot represent itself *pro se*. Debtor had almost *one month* from the date of the Order to the Objection Deadline to retain counsel.

10. Further, Debtor still has not retained counsel. While Mr. Wirken filed the Motion to Vacate, he has not filed an employment application as required by Code § 327.

11. Code § 362(d)(3) governs stay relief in "single asset real estate" cases:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay– (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor

2

whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period)– (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time. . . .

12.   Relief under Code § 362(d)(3) is mandatory where its provisions are not strictly complied with. *See NationsBank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320, 327 (Bankr. E.D. Va. 1996) (holding that "[t]he language of § 362(d)(3) is unambiguous. Congress was persuaded to give a secured creditor quick relief in a single asset case when the debtor fails to promptly file a plan. . . ."); *In re Pensignorkay, Inc.*, 204 B.R. 676, 683 (Bankr. E.D. Pa. 1997) (citing *LDN Corp.* and holding that "[s]ince the debtor did not file a Chapter 11 plan within 90 days after the filing of its petition, LC is entitled to relief from the automatic stay pursuant to Code § 362(d)(3)); *In re Philmont Dev. Co.*, 181 B.R. 220, 225 (Bankr. E.D. Pa. 1995).

13.   Pursuant to Code § 362(d)(3), cause existed for the Court to terminate or modify the Code § 362 automatic stay because the captioned case is a "single asset real estate case;" Bank of Belton's claim against Debtor is secured by a judgment lien against the Real Property; and 90 days have passed since the Petition Date, and Debtor has neither filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time nor filed a request for extension in time within which to file a plan. Bank of Belton continues to assert that Debtor will never be able to propose a confirmable plan of reorganization in the captioned case.

14.   While Debtor failed to cite to any authority to file the Motion to Vacate, it is apparently filed under Federal Rule of Bankruptcy Procedure 9024, "Relief from Judgment or Order," which incorporates Federal Rule of Civil Procedure 60 ("Rule 60") into the Federal Rules of Bankruptcy Procedure. Rule 60(b) allows a Court to relieve Debtor of the Stay Order

for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud. . . (4) the judgment is void; (5) the judgment upon which it is based has been satisfied. . .; or (6) any other reason justifying relief from the operation of the judgment."

15. "Relief under Rule 60(b) is an extraordinary remedy. . . Rule 60(b)(6) does not give courts unlimited authority to fashion relief as they deem appropriate. . . Relief under Rule 60(b) will be granted only where the movant has shown exceptional circumstances. . . ." *Unsecured Creditors Comm., et al. v. Pelofsky (In re Thermadyne Holdings Corp.)*, 283 B.R. 749, 759(B.A.P. 8th Cir. 2002) (internal citations omitted). *See Bowman v. Bond (In re Bowman)*, 253 B.R. 233, 240 (B.A.P. 8th Cir. 2000) (holding that "[t]he moving party bears a heavy burden because Rule 60 provides extraordinary relief and is, therefore, generally viewed with disfavor.")

16. What is extraordinary here is that Debtor asserts *no basis* under Rule 60 for the relief it requests. Its justification for the Motion to Vacate is that "permitting the Bank of Belton to proceed against a corporation's only asset with an execution sale on a judgment, which judgment is not yet final, threatens irreparable harm to the corporation, its other creditors, and to Janie Lindstrom-Bogar, as the sole shareholder." These arguments should have been made in opposition to the Stay Relief Motion; there is no basis in law for Debtor to raise these arguments now.

17. Bank of Belton has spent a significant amount of time and money pursuing its rights against Debtor, among others. It seeks closure and will be irreparably harmed if the Court grants the Motion to Vacate. Bank of Belton has played by the rules at every turn, and Debtor

should not be rewarded for its failure to comply with the clear, unambiguous requirements of the Code.

WHEREFORE, Bank of Belton requests that the Court enter an Order denying the Motion to Vacate and granting such other and further relief as the Court deems just and proper.

Date:  July 1, 2004

Respectfully Submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Lisa A. Epps
Lisa A. Epps            MO #48544
1000 Walnut Street, Suite 1400
Kansas City, MO  64106
(816) 474-8100
(816) 474-3216– Fax

ATTORNEYS FOR BANK OF BELTON

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2004, a true and correct copy of the above and foregoing was sent electronically to all parties receiving electronic notice and via first class mail to all parties not receiving electronic notice and to the following:

J&M Development of Cass County, Inc.
6007 East 211th Street
Belton, MO  64012

Lynn K. Ballew, Esq.
P.O. Box 368
Harrisonville, MO  64701

/s/ Lisa A. Epps
Attorneys for Bank of Belton