**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **J&M DEVELOPMENT OF CASS COUNTY, INC.** | ) | **Case No. 04-41065-11-JWV** |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |

**RESPONSE TO BANK OF BELTONS OBJECTION TO MOTION FOR ORDER VACATING ORDER GRANTING BANK OF BELTON'S MOTION TO TERMINATE OR MODIFY 11 U.S.C. § 362 AUTOMATIC STAY**

COMES NOW, the Debtor J&M Development of Cass County, Inc. (hereinafter "Debtor") by and through its attorney of record, James C. Wirken of The Wirken Law Group, P.C., and for its Response to the Bank of Belton's Objection to Motion For Order Vacating Order Granting Bank of Belton's Motion to Terminate or Modify 11 U.S.C. § 362 Automatic Stay, states as follows:

1. That on May 19, 2004, this Court entered its Order Denying Amended Application to Employ Charles E. Weedman, Jr., as Attorney for Debtor.

2. In paragraph 9 of their Objection to Motion for Order Vacating Order Granting Bank of Belton's Motion To Terminate or Modify 11 U.S.C. 362 Automatic Stay (hereinafter "Objection"), Bank of Belton admits that since Debtor is a corporation, it cannot represent itself *pro se*. Knowing this, Bank of Belton filed a Stay Relief Motion on May 27, 2004 just eight (8) days after this Court entered its Order Denying Amended Application to Employ Charles E. Weedman, Jr., as Attorney on May 19, 2004, and just one (1) day after Debtor's deadline to comply with Code § 362(d)(3), filing deadline for a

    plan of reorganization, on May 26, 2004.

3. Bank of Belton states, in paragraph 6 of their Objection, that on May 27, 2004, Bank of Belton filed the Stay Relief Motion, which per the certificate of service, was served electronically on Mr. Weedman. This means nothing since Mr. Weedman was disqualified from being the Attorney on May 19, 2004. He was not Debtor's attorney on May 27, 2004, and had not been Debtor's attorney since at least May 19, 2004.

4. On June 2, 2004 an electronic filing was made setting Hearing for Relief from Stay.

5. That Debtor is not able to receive electronic notices, and that the Debtor received the Notice and Order Setting Hearing on Motion for Relief from Stay on or about June 4, 2004 by regular mail from Mr. Weedman.

6. That the deadline to respond to the Stay Relief Motion was June 17, 2004. This is less than thirty (30) days from the time this Court entered its Order Denying Amended Application to Employ Charles E. Weedman, Jr., as Attorney on May 19, 2004, and just thirteen (13) days from the time Debtor received the Notice and Order Setting Hearing on Motion for Relief from Stay.

7. That Bank of Belton states, in paragraph 9 of their Objection, that "it is completely disingenuous for Debtor to assert that it did not have an adequate amount of time to engage successor counsel to file an Objection" to the Stay Relief Motion.

8. Debtor did not act disingenuous as the Bank of Belton asserts. Debtor actively sought counsel from the time this Court disqualified its former counsel on May 19, 2004. In fact, Debtor had separate consultations with four (4) different attorneys including Charles Curry, Erlene Krigel, Vanessa C. Hayden, and Janice E. Stanton. As indicated above, the Debtor had one (1) week from the date of the Courts Order Denying Amended

   Application to Employ Charles E. Weedman, Jr., as Attorney on May 19, 2004 to the Debtor's deadline to comply with Code § 362(d)(3) on May 26, 2004.  All in all, Debtor had less than one (1) month to engage successor Counsel, for such Counsel to be ready to appear at the Hearing on the Stay Relief Motion, and for such Counsel ready to comply with Code § 362(d)(3) and file an appropriate plan.

9. That Janie Lindstrom-Bogar, as the sole-shareholder of Debtor, went to the above Court on June 22, 2004, and she attempted to file an Objection to Bank of Belton's Motion to Lift the Automatic Stay *pro se*, but was unsuccessful since Debtor is a corporation, it cannot represent itself *pro se*.  The Court was in session when Ms. Lindstrom-Bogar arrived at approximately 1:25 PM, five (5) minutes before the scheduled hearing.  Ms. Lindstrom-Bogar contacted the Clerk who stated that since Ms. Lindstrom-Bogar did not enter an Objection by June 17, 2004, she was not entitled to a hearing.  Ms. Lindstrom-Bogar was not able to enter the Objection by June 17, 2004, because she did have Counsel at that time.

10. That Debtor has now engaged successor counsel, James C. Wirken.

11. That Mr. Wirken has filed on behalf of Debtor, an Entry of Appearance on July 6, 2004.

12. That Mr. Wirken has filed on behalf of Debtor, a Motion to Employ Counsel, James C. Wirken, as required by Code § 327, and the Court granted the Motion to Employ Counsel on July 8, 2004.

13. That Bank of Belton states, in paragraph 3 of the Objection, that Bank of Belton's Judgment Lien on the Real Property appears on the Ownership and Encumbrance Report dated as of August 14, 2003.  The truth is that Bank of Belton's claim against Debtor is not secured by a Judgment Lien against the Real Property.

14. That Bank of Belton failed to give the notice required under Section 513.085 RSMo. to properly pursue a levy. Section 513.085 provides that the officer making the levy shall file with the recorder of deeds a notice of such levy, showing the date and style of the execution, the date of the levy, the amount of debt and costs, and a description of the real estate levied upon.

15. That Bank of Belton also totally failed to comply with Missouri Court Rule 76.07. Rule 76.07 clearly state that a levy on real estate, not already subject to a lien of the Judgment, shall create a Lien on the filing of the notice of the levy with the Recorder of Deeds office.

16. That the Judgment referred to in the Ownership and Encumbrance Report, referred to by the Bank of Belton referred to in paragraphs 3, 13, 14 and 16 of the Objection, does not amount to a Judgment Lien. Even though an execution has been issued on the Bank of Belton Judgment against Bogar Farms, and the Sheriff has notified J&M of his levy on J&M real estate, the circumstances do not give rise to a Judgment Lien because there is no money judgment entered against Debtor, thus there is no Judgment Lien for any amount of money on Debtor's property. The Ownership and Encumbrance Report simply lists a Judgment against Debtor and not a Judgment Lien. A Judgment Lien simply was not filed. Furthermore, the Judgment in question has been appealed, and is not final and, therefore, can only be interlocutory in nature.

17. For these reasons, including the fact that Bank of Belton has not complied with the Missouri Statutes or Court Rules in that they have never caused, nor has the Sheriff ever caused such a notice to be recorded in the Recorder's office, there is not and cannot be a Judgment Lien.

18. In paragraph 14 of the Objection, Bank of Belton refers to Federal Rule of Bankruptcy Procedure 9024, "Relief from Judgment or Order," which incorporates Federal Rule of Civil Procedure 60 ("Rule 60"). Once again Bank of Belton's reliance is incorrect because there is no Judgement Lien in this case.

19. In paragraphs 11, 12, and 13 of the Objection, Bank of Belton refers to Code § 362(d)(3). This code section is distinguishable from this case because this section relies on the fact that there exists an unsatisfied Mortgage or Deed of Trust. In paragraph 15 of Bank of Belton's Motion to Terminate or Modify 11 U.S.C. **§ 362 Automatic Stay, Bank of Belton relies on authority which states that "the purpose of section 362(d)(3) is to address perceived abuses in single asset real estate cases, in which debtors have attempted to delay mortgage foreclosures ever when there is little chance that they can reorganize successfully." Bank of Belton's reliance on this section is incorrect because we are not dealing with an unsatisfied Mortgage or Deed of Trust in this case.** This is reflected in the Ownership and Encumbrance Report under number 2. Thus, Bank of Belton's reliance on Code § 362(d)(3) and the cases in paragraph 12 of the Objection is incorrect, and accordingly wholly inapplicable.

20. That Bank of Belton's erroneous notion of the Judgement Lien combined with this Court's disqualification of Debtor's attorney a few days before the plan was due, is grounds to grant Debtor's Motion For Order Vacating Order Granting Bank of Belton's Motion To Terminate or Modify 11 U.S.C. 362 Automatic Stay.

21. Bank of Belton has not played by the rules at every turn as they suggest in their Objection to Motion for Order Vacating Order Granting Bank of Belton's Motion To Terminate or Modify 11 U.S.C. 362 Automatic Stay. Bank of Belton did not follow the

    Missouri Statutes and Court Rules and obtain a valid Judgment Lien, and they have falsely stated that there is a Judgment Lien when in fact there is no such Judgment Lien.

22. That the Court of Appeals has set Wednesday, August 18, 2004 for Oral Argument on the Judgment that shows up in the Ownership and Encumbrance Report.

23. That lifting the automatic stay, at this time, and permitting the Bank of Belton to proceed against the Debtor's only asset with an execution sale on an interlocutory nonperfected Judgment, which Judgment is not yet final, and which Judgment has not been properly documented with the appropriate recorder of deeds, threatens irreparable harm to the corporation, its other creditors, and to Janie Lindstrom-Bogar, as the sole shareholder.

**WHEREFORE**, based on the above and foregoing, Debtor requests that this Court enter an Order Vacating the Order Granting Bank of Belton's Motion to Terminate or Modify 11 U.S.C. § 362 Automatic as entered herein. The Debtor requests for adequate time to file a plan with this Court while the Automatic Stay is reinstated and is in effect. Lifting the automatic stay will cause irreparable harm to Debtor as this is Debtor's only substantial asset; to allow the sale of the asset by sheriff's sale will severely negatively effect this asset's value.

Respectfully Submitted,

The Wirken Law Group, P.C.

/s/ James C. Wirken
James C. Wirken      MO# 21734
4740 Grand Boulevard, Suite 200
Kansas City, MO 64112
Telephone (816) 471-0330
Facsimile (816) 471-3044
ATTORNEYS FOR DEBTOR

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certify that on this 14th day of July 2004, true and correct copies of the above and foregoing, was sent electronically to all parties receiving electronic notice and was sent via first class mail to all parties not receiving electronic notice.

                                               <u>/s/ James C. Wirken</u>
                                               Attorney for Debtor