UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| **J&M DEVELOPMENT OF CASS COUNTY, INC.** ) | Case No. 04-41065-11-JWV |
| ) | |
| **Debtor** ) | |

**BANK OF BELTON'S REPLY TO DEBTOR'S ALLEGATION THAT
IT LACKS STANDING TO SEEK RELIEF UNDER 11 U.S.C. § 362(D)(3)**

Bank of Belton, for its Reply to Debtor's allegation that it lacks standing to seek relief under 11 U.S.C. § 362(d)(3) states as follows:

1.  Debtor argued for the first time in its reply brief seeking relief from the Court's order granting the Bank of Belton relief from stay pursuant to 11 U.S.C. § 362(d)(3) (the "Stay Relief Order") that the Bank of Belton is not a "creditor whose claim is secured by an interest in such real estate" such that it is entitled to request relief under that provision.

2.  Debtor incorrectly argues that "Bank of Belton's claim against Debtor is not secured by a judgment against the Real Property." Debtor's reply brief at para. 13. Debtor supports this argument by two propositions: 1) that Bank of Belton does not have a judgment lien against the real property, and 2) that Bank of Belton has not filed the appropriate records with the Recorder of Deeds in Cass County. Neither proposition is correct. Moreover, Bank of Belton holds a deed of trust on approximately 30 acres of the Real Property, which independently would qualify it as a secured creditor such that it has standing to request relief under 11 U.S.C. § 362(d)(3).

3.  Bank of Belton has a judgment lien on the Real Property. Mo. Rev. Stat. § 511.350.1 (2004) states that a judgment by a Circuit Court shall be a lien on real estate of the Debtor in the county in which the Court is held. *See In re Norman*, 32 B.R. 562, 565-66 (Bankr.

W.D. Mo. 1983) (holding that under Missouri law, judgments of Circuit Courts of state are liens upon real estate of person against whom they are rendered); *Cochenour v. Cochenour*, 717 S.W.2d 531, 532 (Mo. App. 1986) (Creditor's judgment is, by statute, lien on any real estate of debtor located in county where judgment was rendered.)  The Real Property owned by Debtor is located in Cass County, Missouri, the same county in which the judgment against Debtor (the "J&M Development Judgment") was rendered.

4.      Mo. Rev. Stat. § 511.360 (2004)  and Mo. Rule 74.08 state that a judgment lien on real property owned by the judgment debtor begins on the date that the judgment was rendered and shall continue for a period of 10 years.

5.      Bank of Belton's judgment lien on the Real Property began, at the latest, on August 13, 2003 when Honorable Judge Joseph P. Dandurand, Circuit Judge of the Seventeenth Judicial Circuit (Cass County) signed the J&M Development Judgment.[1]  See Exhibit A.

6.      Bank of Belton's judgment lien on the Real Property appears on the ownership and encumbrance certificates dated as of August 14, 2003.  See Exhibit B.

7.      Debtor argues, without citation to authority, that the J&M Development Judgment does not amount to a judgment lien because it is not a money judgment.  The J&M Development Judgment pierces the corporate veil of J&M Development and renders "the assets of J&M Development subject to levy and execution for the judgment indebtedness of Michael Bogar and Bogar Farms, Inc. to Bank of Belton."  While the J&M Development Judgment does not state on its face a specific monetary amount, the judgment indebtedness of Michael Bogar and Bogar Farms, Inc. is readily ascertainable from the record such that it can enforced by execution.

---

[1] Judge Dandurand signed a docket entry on November 27, 2002 entitled Judgment which meets the elements for a final judgment under Mo. Rule 74.01; however, the date on which the judgment became final for purposes of appeal and judgment lien is not relevant to the current issue before the Court.

WA 768227-1

Document    Page 3 of 6

*American Western Bonding Co., Inc. v. United Surety Agents, Inc.*, 134 S.W.3d 700, 704 (Mo. App. 2004) *citing Gardner v. Gardner*, 830 S.W.2d 559, 562 (Mo. App. 1992) ("If a money judgment does not state on its face the amount for which it is rendered, that sum must be ascertainable from the record to be enforceable by execution."). Bank of Belton's judgment against Michael Bogar and Bogar Farms, Inc. (the "Bogar Farms Judgment"), for $179,821.18, plus attorneys' fees in the amount of $78,902.00 was issued in the exact same civil action on November 27, 2002. See Exhibit C. Moreover, Bank of Belton's application for general execution issued in October 17, 2003 contained both the J&M Development Judgment and the Bogar Farms Judgment. Bank of Belton has consistently argued, and the trial court agreed, that J&M Development is liable for the judgment indebtedness of Bogar Farms and Michael Bogar. That indebtedness is a sum certain and readily ascertainable from the two judgments rendered against different defendants in the same case. *Id.*

  8. Debtor further argues, again with citation to authority, that the "Judgment in question has been appealed, and is not final and, therefore, can only be interlocutory in nature." Debtor's reply brief at para. 16. A judgment becomes final 30 days after entry of judgment, if no post-trial motions are filed. Mo. Rule 75.01 and 81.05. No post-trial motions were filed. An appeal does not render a judgment interlocutory. Following Debtor's logic, Debtor's appeal would be dismissed because a party may not appeal from a judgment that is not final. Mo. Rule 81.05. What Debtor is trying to argue is that this Court should not allow any action to be taken against the Real Property because the J&M Development Judgment is on appeal. As the Court wisely noted, Debtor has a means and mechanism for staying execution by posting a supersedeas bond. Debtor chose to file bankruptcy instead, yet does not comply with the Bankruptcy Code.

Debtor's repeated failure to comply with any legal means of halting an execution sale should not be rewarded by vacating the Stay Relief Order.

9. For its second proposition, Debtor argues Bank of Belton did not file the appropriate notice with the Recorder of Deeds in Cass County, Missouri. Rev. Mo. Stat. § 513.085 (2004) provides an **additional** means of creating a lien on real estate:

> No execution prior to the levy thereof shall be a lien on … any real estate to which the lien of the judgment, order or decree does not extend; and whenever an execution shall be levied upon real estate, **not then charged with the lien of the judgment, order or decree upon which such execution issues**, it shall be the duty of the **officer making such levy** immediately to file with the recorder of deeds of the city or county in which such real estate is situated a notice of such levy, showing the date and style of the execution, the date of levy, the amount of the debt and costs, and a description of the real estate levied upon,… (emphasis added.)

10. Rev. Mo. Stat. § 513.085 (2004) does not apply because Bank of Belton has a judgment lien on the Real Property. *Rosenzweig v. Ferguson*, 158 S.W.2d 124, 126 (Mo. 1941) (notice is required under § 513.085 only when judgment is not already a lien on property.) Debtor argues Bank of Belton somehow failed in its duties under this provision to file the appropriate papers with the recorder of deeds. First and foremost, the statute requires the officer making such levy, in this case the sheriff of Cass County, to file the appropriate papers, not the judgment creditor. Second, the sheriff filed documents with the records of deeds on October 17, 2003 which satisfy the notice provisions of the statute. See Exhibit D, Recorder of Deeds certificate of documents filed in book 2361, page 37. Exhibit D contains the date of the execution, October 17, 2003, the style of the execution as general, the amount of the debt and costs of $280,184.16, and the description of real estate contained in the attachment to request and order for execution. The sheriff complied with the notice provisions of the statute by filing these papers with the recorder of deeds. *City of Lake Winnebago v. Sharp*, 652 S.W.2d. 118, 123 (Mo.

4

banc 1983) (party complied with statutory notice provisions when document substantially complied with statute.) *State ex. rel. LeFevre v. Stubbs*, 642 S.W.2d 103, 105 (Mo. banc. 1982) (Court held that substantial compliance with mandatory statutory notice provision permitted owners to redeem property at foreclosure sale.)

11. Bank of Belton, in addition to its judgment lien of August 13, 2003, has a deed of trust related to a first mortgage that remains unsatisfied on approximately 30 acres of the Real Property, as also stated on the ownership and encumbrance certificate dated August 14, 2003. See Exhibit B.

12. Bank of Belton, as holder of both a judgment lien and a perfected security interest in the Real Property, has standing under Code § 362(d)(3) to seek relief from the stay.

WHEREFORE, Bank of Belton requests that the Court enter an Order denying the Motion to Vacate and granting such other and further relief as the Court deems just and proper.

Date: July 30, 2004

        Respectfully Submitted,

        SPENCER FANE BRITT & BROWNE LLP

        /s/ Lisa A. Epps
        Kelly A. Campbell    MO #43452
        Lisa A. Epps    MO #48544
        1000 Walnut Street, Suite 1400
        Kansas City, MO 64106
        (816) 474-8100
        (816) 474-3216– Fax

        ATTORNEYS FOR BANK OF BELTON

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2004, a true and correct copy of the above and foregoing was sent electronically to all parties receiving electronic notice and via first class mail to all parties not receiving electronic notice and to the following:

J&M Development of Cass County, Inc.
6007 East 211th Street
Belton, MO  64012

Lynn K. Ballew, Esq.
P.O. Box 368
Harrisonville, MO  64701

                                        /s/ Lisa A. Epps
                                        Attorneys for Bank of Belton

WA 768227-1