UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **J & M DEVELOPMENT OF CASS** | ) | **Case No. 04-41065-11-JWV** |
| **COUNTY, INC.,** | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS

Pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. § 1112(b), the United States Trustee

hereby moves the Court for an order dismissing this Chapter 11 case.  In support hereof, the

United States Trustee respectfully alleges as follows:

1.  On February 26, 2004, Debtor filed a voluntary petition for relief under Chapter

11 of the Bankruptcy Code.

2.  This is a single asset case.  Debtor is a Missouri corporation that owns a 30.5 acre

parcel of real property in Cass County, Missouri.

3.  Since filing Chapter 11, Debtor has continued its business and conducted its

operations as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.  This Court has broad discretion in deciding whether to dismiss or convert a

Chapter 11 case for cause.  In re Lumber Exchange Bldg. Ltd. Partnership, 968

F.2d 647, 648 (8th Cir. 1992); 11 U.S.C. § 1112(b).

## I.   **Failure file a plan within time fixed by court.**

5.      Debtor filed it's Chapter 11 petition on February 26, 2004.  The deadline for filing

a disclosure statement and plan expired on June 25, 2004.

6.      Debtor has filed neither a disclosure statement and plan nor a motion for

extension of time in which to do so.

7.      Accordingly, cause exists for dismissal pursuant to 11 U.S.C. § 1112(b)(1), (2),

(3) and (4).

## II.   **Lack of feasibility.**

8.      This is a single-asset case.  At the time of filing, Debtor owned a 30.5 acre parcel

of real property in Cass County, Missouri.

9.      On June 18, 2004, the Court lifted the stay on this property.

10.      On June 24, 2004, Debtor moved to vacate the order lifting the stay.

11.      On August 17, 2004, the Court denied the motion to vacate the order lifting the

stay.

12.      In light of the lifting of the stay, it does not appear that Debtor has any substantial

unencumbered property with which to accomplish a successful reorganization.

13.      Therefore, cause exists for dismissal pursuant to § 1112(b)(1), (2) and (3).

## III.   **Failure to file monthly operating reports.**

14.      Under Local Rule 2015-2(D), Chapter 11 debtors-in-possession are required to

provide reports reasonably mandated by the United States Trustee.  Pursuant to

this Local Rule, the United States Trustee requires that all such debtors file a

monthly report of operations on the 15th of each month and serve a copy on the

-2-

United States Trustee.  See also Local Rule 2015-2(C).

15.     Debtor has failed to file operating reports for the months of July, August, and

September.

16.     In the absence of monthly operating reports, the Court, the United States Trustee,

and creditors cannot determine whether Debtor is current on post-petition taxes,

trade debt, and other obligations.

17.     The failure to file monthly operating reports, "whether based on inability to do so

or otherwise, undermines the Chapter 11 process and constitutes cause for

dismissal or conversion of the Chapter 11 proceeding." In re Tornheim, 181 B.R.

161, 164 (Bankr. S.D.N.Y. 1995) (citation omitted), appeal dismissed, 1996 WL

79333 (S.D. N.Y. Feb. 23, 1996); accord Matter of Berryhill,127 B.R. 427, 433

(Bankr. N.D. Ind. 1991); see also In re Kerr, 908 F.2d 400, 404 (8th Cir. 1990)

(affirming dismissal of Chapter 11 petition for bad faith where debtors violated

court order by failing to provide monthly financial reports); see also Local Rule

2015-2(E).

### IV.  Failure to pay United States Trustee fees.

18.     Pursuant to 28 U.S.C. § 1930(a)(6), Chapter 11 debtors-in-possession are required

to pay quarterly fees to the United States Trustee.

19.     Debtor failed to pay quarterly fees for the third quarter of 2004, which were due

on October 31, 2004.

20.     Failure to pay such fees is cause for dismissal under § 1112(b)(10) of the

Bankruptcy Code.

WHEREFORE, the United States Trustee respectfully requests the Court's order dismissing this case, and for such further relief as may be just and proper.

Date:   November 3, 2004

Respectfully submitted,

CHARLES E. RENDLEN, III
UNITED STATES TRUSTEE

PAULA C. ACCONCIA
ASSISTANT UNITED STATES TRUSTEE


By: */s/ Sherri L. Wattenbarger*
   SHERRI L. WATTENBARGER
   KS Bar # 16401
   Trial Attorney
   Office of the U.S. Trustee
   400 East 9th St., Ste 3440
   Kansas City, MO 64106
   Telephone:  (816) 512-1940
   Telecopier: (816) 512-1967


CERTIFICATE OF MAILING

I hereby certify that a copy of the United States Trustee's Motion to Dismiss was served upon all parties receiving electronic notification and upon the following parties by electronic notification or first-class mail, postage prepaid, this 3rd day of November 2004:


James C. Wirken
4740 Grand Ave., Suite 200
Kansas City, MO 64112


By: */s/ Sherri L. Wattenbarger*
   Sherri L. Wattenbarger